# In the United States Court of Federal Claims

No. 21-1415
Filed: October 18, 2024

|  |  |
|---|---|
| BOARD OF SUPERVISORS OF ISSAQUENA COUNTY, MISSISSIPPI, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

     Interpretative differences, as legal history demonstrates, inherently produce competing theories—and here is no different.  Before the Court is a product of interpretative disagreement: defendant the United States of America moves to strike plaintiff the Board of Supervisors of Issaquena County, Mississippi's Second Amended Complaint because the Complaint both "include[s] new material or allegations in Paragraphs 22, 23, 27, 29, 30, 35, and 38," and includes "an affidavit from a purported expert, as referenced in footnote 1 to Paragraph 22."  *See* Defendant's Motion to Strike at 12, ECF No. 30 [hereinafter Mot. to Strike]; *see also generally* Second Amended Complaint, ECF No. 27 [hereinafter Second Am. Compl.].  For the below reasons, the Court declines to strike plaintiff's Second Amended Complaint.

     On September 29, 2023, plaintiff filed a Motion to Amend Pleadings, which included a proposed Second Amended Complaint via attachment (the "Proposed Amended Complaint"), following a partial remand by the United States Court of Appeals for the Federal Circuit.  *See generally* Plaintiff's Motion to Amend Pleadings, ECF No. 22; Plaintiff's Motion to Amend Pleadings, Exhibit B, ECF No. 22-2 (Proposed Second Amended Complaint).  On April 24, 2024, the Court granted plaintiff's Motion for Leave to File a Second Amended Complaint (the "Motion for Leave") and ordered plaintiff to file its amended complaint by May 24, 2024.  *See generally* Order Granting Plaintiff's Motion to File Second Amended Complaint, ECF No. 26 [hereinafter Order].  On May 8, 2024, plaintiff filed its Second Amended Complaint.  *See generally* Second Am. Compl.  On June 5, 2024, the defendant filed both its Motion to Dismiss and its Motion to Strike the Second Amended Complaint.  *See generally* Mot. to Strike.  Specifically, the defendant argues that plaintiff's inclusions contravene the Court's Order granting leave because such leave was predicated on plaintiff's Proposed Amended Complaint, which satisfied the requirements of Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC").  *See* Mot. to Strike at 11; *compare id. and* Order at 2–3, *with* Plaintiff's

Motion for Leave to File Second Amended Complaint at 1–2, ECF No. 22.  On June 19, 2024,[1] plaintiff, in response, admits the inclusions in the Second Amended Complaint differ from the Proposed Amended Complaint, but disputes defendant's argument that it contravened the Court's Order because it was allowed to file "***an*** amended complaint by May 24, 2024," not simply "***the***" Proposed Amended Complaint, as defendant argues.  *See* Plaintiff's Response to Defendant's Motion to Strike at 3 (quoting Order at 2–3 (emphasis added)), ECF No. 34 [hereinafter Pl.'s Resp.].  On June 26, 2024, defendant replied, asserting the same arguments within its original motion.  *See generally* Defendant's Reply in Support of Its Motion to Strike, ECF No. 32 [hereinafter Def.'s Reply].

The parties' interpretive dispute "appears to have resulted from [***plaintiff's***] misunderstanding" of the Court's Order.  *CanPro Invs., Ltd. v. United States*, 165 Fed. Cl. 397, 403 (2023).  When reviewing plaintiff's Motion to Amend Pleadings, the Court evaluated whether the "*amendment of the complaint* d[id] not cause the opposing party[, here defendant,] undue prejudice," or whether the amendment of the complaint d[id] not constitute an exercise in futility or bad faith.  *Siegler v. Sorrento Therapeutics, Inc.*, No. 2020-1435, 2021 WL 3046590, at *13 (Fed. Cir. July 20, 2021) (evaluating a denial of leave based on Federal Rule of Civil Procedure 15(a)'s standard) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (emphasis added)); *see also Taylor v. United States*, 959 F.3d 1081, 1091 (Fed. Cir. 2020) (identifying that "Court of Federal Claims R[CFC] 15(a) . . . is identical in all material respects to Federal Rule of Civil Procedure 15(a).").  The Court's Order granting leave was predicated upon the Court's reading of plaintiff's Motion for Leave in reference to its attached proposed Second Amended Complaint.  Thus, defendant's position—that a proposed amended complaint be identical to the filed amended complaint—more accurately reflects the Court's allowances compared to plaintiff's position.  *See* Def.'s Reply at 3 (noting that if "any proposed amended complaint need not match the actual [Second Amended] Complaint to be filed[,] . . . why even attach the proposed complaint in the first place?" (internal quotation marks and citation omitted)).

That said, plaintiff's interpretation did not produce a situation seriously prejudicing defendant's rights: the inclusions neither assert any new cause of action nor assert new claims on a current cause of action, for instance.  *Cf., e.g.*, *King v. United States*, No. 12-175C, 2014 WL 3538127, at *2 (Fed. Cl. July 17, 2014) (striking defendant's counterclaims because the claims were new, and leave was not granted).  In other words, plaintiff's deviations in the Second Amended Complaint from the Proposed Amended Complaint are not prejudicially serious.  Instead, any claimed prejudice only relates to plaintiff's alleged new facts, which alone is rarely a "substantial" showing of prejudice.  *See Veridyne Corp. v. United States*, 86 Fed. Cl. 668, 681 (2009).  Here, when prejudice is this minimal—considering courts strongly disfavor motions to strike—RCFC 15's extreme liberality of allowing amendments require the Court apply "the general rule . . . that a . . . court has no authority to dismiss a complaint for failure to state a claim

---

[1] As explained in the Court's order striking plaintiff's response to the motion to strike, plaintiff's filing, being unsigned by the attorney of record, was noncompliant with RCFC 11(a).  *See* Order Striking Plaintiff's Response to Motion to Strike Amended Complaint at 1, ECF No. 33 [hereinafter Order Striking Pl.'s Resp.].  Therefore, the Court ordered plaintiff to refile its response "conforming to R[CFC] 11(a), but otherwise unchanged, by July 7, 2024."  *Id.*  Plaintiff refiled on July 2, 2024.  *See generally* Pl.'s Resp.  For ease and fairness, the Court will only refer to the refiled version of plaintiff's Response to defendant's Motion to Strike.

upon which relief can be granted without giving the plaintiff an opportunity to be heard." *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (internal quotation marks and citation omitted); *see also Steffen v. United States*, 995 F.3d 1377, 1384–85 (Fed. Cir. 2021) ("Notice and an opportunity to remedy a defective complaint is the general rule.") (Newman, J., dissenting) (relying upon *Perez*, 849 F.2d at 797). Consequently, "[j]ustice requires that [plaintiff] have a chance to test" the sufficiency of its Second Amended Complaint. *Landress v. United States*, 171 Fed. Cl. 109, 115 (2024); *see also CODA Dev. s.r.o. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1362 (Fed. Cir. 2019) (observing that the Supreme Court of the United States, in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010), "expresses this preference."). Thus, to produce "the fairest and most efficient resolution" of this case, the Court denies defendant's Motion to Strike and, therefore, "accept[s plaintiff's Second A]mended [C]omplaint as the operative pleading." *CanPro Invs., Ltd.*, 165 Fed. Cl. at 403.

The Court relies upon a party's proposed amendment or proposed filing to evaluate whether granting leave is permissible, so all future proposed documents filed with a motion for leave ***must*** be identical to what is proposed.[2] *See, e.g.*, *Torres v. Garmin Int'l, Inc.*, No. 16-cv-81397, 2017 WL 5634950, at *1 (S.D. Fla. Sept. 22, 2017) (describing that "[t]he Court granted Defendant's motion to strike and ordered Plaintiff to file the amended complaint attached to her motion to amend[.] The Court expressly warned Plaintiff against filing pleadings" incongruous with what was attached to a motion for leave.).[3]

\* \* \*

Based on the foregoing, Defendant's Motion to Strike the Second Amended Complaint, ECF No. 30, is **DENIED**. Further, the Court accepts the filed Second Amended Complaint, ECF No. 27, as the operative pleading and will evaluate the Defendant's pending Motion to Dismiss based upon it.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

---

[2] The same warning also applies to when the Court strikes a document but allows the offending party the right to file the document in question. *E.g.*, Order Striking Pl.'s Resp. at 1.

[3] In its Motion to Strike, defendant relies upon *Torres* to support striking plaintiff's Second Amended Complaint. *See* Mot. to Strike at 12–13 (citing *Torres*, 2017 WL 5634950, at *1). *Torres*'s caution is well taken. But the defendant's "reliance on this case is misplaced." *Torres*, 2017 WL 5634950, at *1. The Court agrees with plaintiff that this precedent is not controlling here and, anyways, that case is so factually different—such as the plaintiff there repeatedly and deliberately ignoring the United States District Court for the Southern District of Florida's orders and procedural requirements—that its reasoning bears little resemblance to this case's interpretative disagreement of this Court's Order. *Compare* Pl.'s Resp. at 5, *with Torres*, 2017 WL 5634950, at *1. Today, that factual difference dissolves; both parties are now cautioned to follow the Court's procedural requirements *exactly*.